IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOE CLARK MITCHELL | ) | |
| | ) | |
| Petitioner | ) | No. 1:93-0073 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| JAMES FORTNER, Warden | ) | |
| | ) | |
| Respondent | ) | |

*ORDER*

*This motion is GRANTED in light of Martinez.*

*[signature] US DJ 7-3-13*

## RENEWED MOTION FOR DISCOVERY

Pursuant to Habeas Corpus Rule 6, Movant Joe Clark Mitchell respectfully renews his motion for leave to conduct a deposition of post-conviction counsel (Daniel Runde, Esq.), a motion this Court earlier denied without prejudice, pending ruling on the Motion For Relief From Judgment, which has now been granted. See R. 188 (order denying discovery motion without prejudice).

A deposition is necessary to establish evidence that post-conviction counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984) in failing to fully present Mitchell's claim that trial counsel was ineffective for failing to make a winning *Batson* objection, such that Mitchell is entitled to relief on his ineffectiveness claim under Martinez v. Ryan, 566 U.S. 1 (2012) and *Strickland*.

Post-conviction counsel is now employed by the same District Attorney's Office that violated *Batson*. Consequently, the best means of securing evidence from him at this point is via deposition, especially where Mr. Runde has understandably expressed concerns to Petitioner's counsel about providing a sworn statement concerning legal claims that implicate his current employer.

To allow Petitioner to investigate and present his claims to this court at hearing, it