IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOE CLARK MITCHELL | ) | |
| | ) | |
| Petitioner | ) | No. 1:93-0073 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| JAMES FORTNER, Warden | ) | |
| | ) | |
| Respondent | ) | |

**MOTION FOR STATUS CONFERENCE AND/OR
TO ESTABLISH BRIEFING SCHEDULE**

*[Handwritten annotation: ORDER. The motion is GRANTED only to the extent that the parties shall file one remainder on the issues by December 1, 2013 with any response due December 20, 2015. [signature] 10-31-13]*

The Court has scheduled an evidentiary hearing on Mitchell's *Martinez* issues for November 18, 2013. This day, Mitchell has filed the deposition testimony of post-conviction counsel, Daniel J. Runde, in lieu of Mr. Runde's live testimony in this matter. As Mitchell has explained in his simultaneous notice of filing, the use of Mr. Runde's deposition testimony as his testimony in this matter will save both time and effort, and conserve judicial resources.

With Mr. Runde's testimony now being before this Court, it does not appear that Joe Mitchell will need to put on any additional proof at an evidentiary hearing. Mr. Runde's testimony provides the evidence necessary to assess the effectiveness of post-conviction counsel under <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012). In earlier court proceedings, witnesses (such as trial counsel) have already provided testimony concerning counsel's ineffectiveness in failing to make a *Batson* objection at trial, which is likewise relevant to Mitchell's entitlement to relief under *Martinez*.

That being said, it now appears that the Court has before it the evidence necessary to decide Mitchell's ineffectiveness claims on the merits. The parties, however, now need