IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOE CLARK MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 1:93-cv-00073 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE FRENSLEY |
| KEVIN GENOVESE,[1] Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 242), recommending the Court grant habeas corpus relief. Respondent has filed Objections (Doc. Nos. 246, 247), and Petitioner has filed a Response (Doc. No. 251) to the Objections.

As explained in the Report, Petitioner, an African American, was convicted by an all-white jury in Maury County, Tennessee in 1988, and sentenced to life plus thirteen years. Petitioner filed a petition for habeas corpus relief in federal court in 1993, and after holding an evidentiary hearing, the court granted the petition in 1995 based on a violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986), at Petitioner's trial. The court found Petitioner had established a *prima facie* case of race discrimination in the prosecutor's decision to strike African American juror Hattie Alderson. The court then found the state's race-neutral explanation for the strike was not worthy of belief. The extensive procedural history of this case, including five trips to the Sixth Circuit, is set out in the Report.

Respondent raises three objections to the Report and Recommendation: (1) Respondent

---

1  Respondent represents that Petitioner is now confined at Turney Center Industrial Complex in Only, Tennessee, and the Warden of that institution is Kevin Genovese. *See* Rule 2, Rules Governing Section 2254 Cases.

objects to the Magistrate Judge's conclusion that *Martinez v. Ryan,* 566 U.S. 1, 132 S. Ct. 1309, 1313, 182 L. Ed. 2d 272 (2012), or any other factor, supports a finding of "extraordinary circumstances" to grant relief from the judgment under Federal Rule of Civil Procedure 60(b)(6); (2) Respondent objects to the Magistrate Judge's determination that *Martinez* may apply to Petitioner's case when Petitioner's claim of ineffective assistance of trial counsel in failing to properly litigate a claim under *Batson* was raised in state court on collateral review, was rejected on the merits, and was not procedurally defaulted; and (3) Respondent objects to the Magistrate Judge's recommendation that the court summarily grant the claim when, even if *Martinez* somehow authorized reconsideration of the claim, the recommended process is inconsistent with *Atkins v. Holloway,* 792 F.3d 654 (6th Cir. 2015). (Doc. No. 246).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Petitioner's Rule 60(b) Motion, and the conclusion in the Report and Recommendation that Rule 60(b) relief is warranted, are based on the premise that *Martinez v. Ryan* applies to Petitioner's case. In *Martinez,* the Supreme Court modified the holding in *Coleman v. Thompson,* 502 U.S. 722, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991), that the ineffective assistance of post-conviction counsel does not qualify as cause to excuse the procedural default of a claim. The

*Martinez* Court held the ineffective assistance of post-conviction counsel may qualify as cause, under certain circumstances: "This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9.

Federal courts applying *Martinez* do not agree on how broadly it reaches. Some courts apply the *Martinez* exception to establish cause in cases where a defendant's state post-conviction counsel technically identifies an ineffective-assistance-of-trial-counsel claim in the state post-conviction proceeding, but (ineffectively) fails to present evidence to support the claim. *See, e.g., Dickens v. Ryan,* 740 F.3d 1302, 1320 (9th Cir. 2014); *Creech v. Ramirez,* 2016 WL 8605324, at *14 (D. Idaho Jan. 29, 2016); *Haight v. White,* 2013 WL 5146200, at *8 (W.D. Ky. Sept. 12, 2013). Other courts, including the Sixth Circuit, have limited *Martinez* to cases in which a defendant's state post-conviction counsel fails to even identify the ineffective-assistance-of-trial-counsel claim in the state post-conviction proceeding. *See, e.g., West v. Carpenter,* 790 F.3d 693 (2015); *Smith v. Carpenter*, 2018 WL 317429, at *5 (M.D. Tenn. Jan. 8, 2018); *Rhines v. Young*, 2016 WL 614665, at *8 (D.S.D. Feb. 16, 2016).

In *West v. Carpenter,* the Sixth Circuit rejected a petitioner's argument that *Martinez* should apply to an ineffective-assistance-of-counsel claim, ineffectively presented by post-conviction counsel, but decided on the merits by the state court:

> West does not argue that post-conviction trial counsel failed to raise the conflict-of-interest claim . . . Instead, West contends that post-conviction trial counsel was ineffective because 'counsel never advanced the proper federal standard' to analyze a conflict-of-interest claim.
>
> * * *
>
> Despite West's oblique presentation of the conflict-of-interest claim, the post-conviction trial court identified the claim and denied it on the merits. Even if

the post-conviction trial court had ruled erroneously, and its error were traceable directly to counsel's deficient advocacy, the conflict-of-interest claim would not have been *procedurally defaulted* at the post-conviction trial proceeding because West retained the right to preserve the claim by appealing.

When the state court denies a petitioner's ineffective-assistance claim on the merits, *Martinez* does not apply.

790 F.3d at 698–99; *see also Moore v. Mitchell,* 708 F.3d 760, 785 (6th Cir. 2013).[2]

In this case, the petition filed by state post-conviction counsel did not identify a claim for ineffective assistance of trial counsel for failure to raise the *Batson* issue, but counsel was allowed to present evidence on the claim at the hearing on the petition. *Mitchell v. Rees,* 114 F.3d 571, 573-74 (6th Cir. 1997). After the state court denied relief, post-conviction counsel identified, on appeal, the *Batson* claim and a claim for ineffective assistance of trial counsel for failure to raise the *Batson* issue, and the Tennessee Court of Criminal Appeals rejected those claims.[3] *Id.,* at 574. In an earlier appeal of this case, the Sixth Circuit characterized that rejection as a ruling made on the merits:

> As we pointed out in *Mitchell I,* and contrary to the finding of the district court on remand, it is clear from the record in the state proceedings that Mitchell did not raise in his state post-conviction petition either a *Batson* claim or a claim of ineffective assistance related to *Batson.* At the hearing on that petition, however, he was permitted, over the objection of the State, to present evidence with regard to the *Batson* claim. The state court found no merit to any of his claims and dismissed the petition. On appeal, Mitchell explicitly raised both a *Batson* claim and a

---

2   The Court recognizes that the decisions construing *Martinez* narrowly place some reliance on the Supreme Court's decision in *Cullen v. Pinholster,* 563 U.S. 170, 131 S. Ct. 1388, 179 L.Ed.2d 557 (2011), a case construing the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner filed his petition in federal court before the effective date of AEDPA, and presumably, those provisions do not apply to his case. The Court is not persuaded, however, that the inapplicability of AEDPA would materially alter the Sixth Circuit's analysis on the *Martinez* issue.

3   In affirming the trial court, the Tennessee appeals court discussed the evidence adduced in the trial court, as well as the evidence counsel failed to present, and concluded: "the lack of evidence on the *Batson* issue does not justify this Court upsetting the judgment entered in the original cases." *Mitchell v. State,* 1991 WL 1351, at *1 (Tenn. Crim. App. Jan. 11, 1991).

> *Batson*-related ineffective assistance of counsel claim.
>
> * * *
>
> The state appellate court that reviewed the dismissal of Mitchell's post-conviction petition found that 'the lack of evidence on the *Batson* issue does not justify this Court in upsetting the judgment entered in the original cases,' and in *Mitchell I,* we held that to be a finding of fact that was 'fairly supported' by the state court record. *Id.* at 578-79. The district court was not free to overrule our conclusion.

*Mitchell v. Rees,* 36 Fed. Appx 752, 753 n.3, 754 (6th Cir. 2002). Given the Sixth Circuit's conclusion that post-conviction counsel identified Petitioner's claim and the state appeals court rejected the claim on the merits, and the *West* Court's determination that such a claim does not fall within *Martinez,* the Court concludes *Martinez* does not apply to enable consideration of the claim in this case.[4]

While the Court understands the reasoning of the Magistrate Judge and the other courts that apply *Martinez* to ineffectively presented claims, it is bound by Sixth Circuit precedent to reject that analysis. Accordingly, the Court **REJECTS** the conclusion of the Report and Recommendation, and **DENIES** Petitioner's Rule 60(b) Motion (Doc. No. 217). This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

Should Petitioner file a notice of appeal, the Court concludes a certificate of appealability ("COA") should issue. Reasonable jurists would find it debatable whether the petition states a valid ineffective-assistance-of-counsel/*Batson* claim, and reasonable jurists would find it

---

4   Although the Court need not address the issue, it also recognizes the Sixth Circuit's consistent position that *Martinez* alone does not provide "extraordinary circumstances" warranting Rule 60(b) relief. *See, e.g., Moore v. Mitchell,* 848 F.3d 774, 777 (6th Cir. 2017) ("But we have held that neither *Martinez* nor *Trevino,* without more, provides the kind of extraordinary circumstances that would justify the relief sought under Rule 60(b)."); *see also Miller v. Mays,* 879 F.3d 691, 698 (6th Cir. 2018) ("We have consistently held that *Martinez* and *Trevino*, as intervening decisions, do not alone 'sufficiently change[ ] the balance of the factors for consideration under Rule 60(b)(6) to warrant relief.'")

5

debatable whether the Court is correct in its ruling on the Rule 60(b)/*Martinez* issue. *See Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000) (holding certificate of appealability procedure applies to pre-AEDPA cases; two-part COA inquiry required for habeas petitions denied on procedural grounds); *see also Shuster v. Shoop,* 2019 WL 4267748, at *2 (6th Cir. June 10, 2019).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE